# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RANDY LEE WILLIAMSON #32660-077 | § | |
| | § | |
| V. | § | A-11-CA-650-SS |
| | § | |
| MR. BUSH, UNICOR; MR. MILLS, | § | |
| UNICOR; MR. C. MAYE, WARDEN; | § | |
| LT. GAMBOL, S.I.S; MR. S. DAVEE, | § | |
| UNIT MANAGER AND DHO; | § | |
| MR. C. BICKLE, DHO; and | § | |
| MS. S. DAVIS, UNIT | § | |
| CASE MANAGER, CSW | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint Plaintiff was confined in FCI Bastrop. Plaintiff indicates he was transferred on May 28, 2010, to FCI Bastrop, a low security facility, from FCI Petersburg, a medium security facility, where he had a job with UNICOR. Plaintiff complains, after he was transferred to FCI Bastrop, he has not been hired for a job with UNICOR. Plaintiff contends he

needs to be working at UNICOR and saving everything he can so that when he is released in 2015, he will have a "small nest egg of capital" and will not have to go on welfare. Plaintiff seeks damages in the amount of $156.00 per month (Grade 2 Pay) from May 2010 through the current date. He additionally requests the Court to order FCI Bastrop to return Plaintiff to FCI Petersburg, so he can return to work.

In his complaint, Plaintiff also alleges other inmates in December 2010 discovered the nature of his crimes. As a result, Plaintiff requested to be placed in protective custody. Plaintiff indicates he was returned to the compound on January 10, 2011, after the S.I.S. Department investigated and claimed there was no danger to Plaintiff. Shortly thereafter, Plaintiff was allegedly threatened by other inmates. Plaintiff was once again placed in protective custody. Plaintiff now refuses to return to the compound. Plaintiff indicates he has received four disciplinary reports for his refusal to return to the compound, and he has been sanctioned with the loss of 69 days of good conduct time and six months of visits and telephone, e-mail and commissary privileges. Plaintiff requests the expungement of all incident reports and the removal of all sanctions from January 2011 to present.

On August 8, 2011, the District Court severed Plaintiff's claims challenging his disciplinary proceedings from this case. The Court directed the Clerk to open a new habeas corpus action pursuant to 28 U.S.C. § 2241 to address these claims. The new cause of action was opened in Cause No. A-11-CV-686-SS. Plaintiff's other claims remain in this case and are construed liberally as claims brought pursuant to Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs, 403 U.S. 388, 91 S. Ct. 1999 (1971). Plaintiff's Bivens claims are discussed below.

DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.   UNICOR Job and Prison Transfer

Plaintiff's claims regarding his transfer to FCI Bastrop and the loss of his UNICOR job are frivolous. A prisoner has no constitutionally protected interest in a particular facility or a specific work assignment. Olim v. Wakinekona, 461 U.S. 238, 244-45, 103 S. Ct. 1741, 1745 (1983); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995). Accordingly, Plaintiff's claims should be dismissed.

C.   Failure to Protect

Construing Plaintiff's complaint liberally, he may also be alleging prison officials have failed to protect him from other inmates because they have not transferred to a different prison. Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of

3

other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, not every injury of one prisoner by another "translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To establish a failure-to-protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. If the inmate establishes no more than a claim of negligence, his claim fails. See Neals, 59 F.3d at 533.

Plaintiff admits he was placed in protective custody and his concern for safety was investigated. Although Plaintiff disagrees with the prison officials' determination that there is no danger to Plaintiff, his allegations are insufficient to show Defendants were deliberately indifferent to his need for protection from a substantial risk of serious harm. Accordingly, Plaintiff's claim should be dismissed.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge

4

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of November, 2011.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE